IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Ray Hefferon<br>3 Alofi Street- Russell Island<br>Queensland, Australia 4184<br><br>*Plaintiff*<br><br>v.<br><br>SAILING VESSEL "FAITH", A/K/A "IRON BUTTERFLY" Official Number 1118990, HIN# GFS442080575, laying in her slip at 64 Old South River Road, Edgewater, MD 21037, *and her engines, tackle, equipment, furniture, and all other necessaries thereunto appertaining and belonging,* <u>in rem;</u><br><br>Samuel "Tony" Scrivener, *in his personal capacity and as owner of Fifty Fifty Yacht Services, Inc.*<br>1020 E Benning Rd<br>Galesville, Md 20765;<br><br>Fifty-Fifty Yacht Services, Inc.<br>1020 E Benning Rd<br>Galesville, Md 20765;<br><br>Morina Ware<br>27 Sovereign Circuit<br>Pelican Waters<br>Queensland, Australia 4551<br><br>*Defendants* | Civil Action No. |

# VERIFIED COMPLAINT IN REM

Plaintiff Ray Hefferon, by and through his attorneys Todd D. Lochner and Lochner Law Firm, P.C, files this Verified Complaint against the Sailing Vessel "FAITH", A/K/A "IRON BUTTERFLY" ("the Vessel"), *in rem*, and states as follows:

## Summary of Action

1. This is a possessory action *in rem*, brought pursuant to Supplemental Admiralty Rules C and D, to arrest a sailboat currently lying in Maryland waters and to sort out who holds title to the Vessel. This action also seeks to partition the Vessel under Rule D between the bona fide owners of the Vessel via a judicial sale, with the proceeds distributed amongst such owners pro rata. Plaintiff Ray Hefferon respectfully requests this Court issue process to arrest the Vessel pursuant to Supplemental Admiralty Rules C and D, and to keep the Vessel *in custodia legis* during the pendency of this litigation.

## Jurisdiction and Venue

2. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Fed.R.Civ.P. 9(h). The Court has admiralty jurisdiction under 28 U.S.C. § 1333. This Complaint is *in rem* with a prayer for process and maritime attachment pursuant to Supplemental Rules C and D of the Federal Rules of Civil Procedure.

3. The Vessel which is the subject of this litigation, is currently located within the Federal Judicial District of Maryland, at 64 Old South River Road, Edgewater, MD 21037.

## Parties

4. Plaintiff Ray Hefferon is an Australian citizen, who purchased a 92% interest in the Vessel from Morina Ware.

5. Morina Ware is believed to be an Australian citizen, who sold a 92% interest in the Vessel to Ray Hefferon.

6. Fifty Fifty Yacht Services, Inc. is a Maryland corporation in the business of buying and selling boats, among other services.

7. Samuel "Tony" Scrivener is a Maryland boat broker, who upon information and belief is the owner of Fifty Fifty Yacht Services, Inc.

8. The particulars of the Vessel which is the subject of this litigation are as follows:

    a. Name on Hull: "Faith"

    b. Registered Name: "Iron Butterfly"

    c. Model: Gulfstar MK II Ketch Sailboat

    d. Year: 1975

    e. Length Overall: 44 Feet

    f. Hull Identification Number: GFS442080575

    g. USCG Official Number: 1118990

## Facts

9. In 2012, the true owner of the Vessel was Morina Ware.

10. On November, 30, 2012, Mr. Hefferon purchased a 92% interest in the Vessel from Morina Ware.[1] See Exhibit 4, Bill of Sale from Morina Ware to Ray Hefferon.[2]

---

[1] Mr. Hefferon's purchase of the Vessel from Morina Ware is related to a separate real estate transaction, wherein Morina Ware purchased Mr. Hefferon's house in Australia. As detailed in Exhibit 4, Ms. Ware transferred 58.58 of 64 shares (~92%) of the Vessel to Mr. Hefferon. Ms. Ware retained her 8% share in the Vessel as security for a small supplementary mortgage Mr. Hefferon owed on the Australian house. Per agreement of the parties, if Mr. Hefferon paid off the mortgage on the Australian house before November 30, 2015, then Ms. Ware would transfer the remainder of her interest in the Vessel to Mr. Hefferon, granting him 100% ownership of the Vessel. *See* Exhibit 5. At this time, Mr. Hefferon has not paid off the supplemental mortgage,

11. Since November 30, 2012, Plaintiff Ray Hefferon has been the owner in possession of the Vessel.

12. On April 4, 2014, Fifty Fifty Yacht Services, Inc. was issued a Certificate of Documentation for the Vessel by the United States Coast Guard.  See Exhibit 6.  At this time Mr. Hefferon is unaware of any claim of right or color of title to the Vessel held by Fifty Fifty Yacht Services, or what grounds Fifty Fifty offered to the Coast Guard to obtain a Certificate of Documentation.

13. On or about June 1, 2014 the Vessel was stolen from Mr. Hefferon by Tony Scrivener on behalf of Fifty Fifty Yacht Services, Inc.

14. The chain of title for the Vessel since 2010 (the relevant period for this litigation), along with those documents which authenticate that chain of title, is as follows:[3]

| Date | Seller/Previous Owner | Buyer/New Owner | Documentation of Transfer | Interest Transferred | Exhibit |
|---|---|---|---|---|---|
| 4/14/2010 | True Owner as of 2010 | Marcy Petrick | USCG Certificate of Documentation | 100% | 1 |
| 8/9/2011 | Marcy Petrick | Mac Marine LLC | USCG Abstract of Title | 100% | 2 |
| 8/20/2011 | Mac Marine LLC | Morina Ware | USCG Bill of Sale | 100% | 3 |
| 11/30/2012 | Morina Ware | Ray Hefferon | AUS Bill of Sale | 92% | 4 |

---

and therefore Ms. Ware (or her successors) may still retain an 8% interest in the Vessel.  The Australian real estate transaction is relevant to this litigation only to the extent that it clarifies the fractional ownership issue, and does not bear on other aspects of the case.

[3] The United States Coast Guard ("USCG"), via its National Vessel Documentation Center, maintains a registry of United States Documented Vessels.  The registry is used to record liens, transfers of interest, etc., but documentation filings are not mandatory for recreational vessels.  Several of the documents used to prove title to the Vessel in this litigation were filed with the Coast Guard or made out on Coast Guard forms.  Because filing bills of sale, transfers of interest, etc. with the Coast Guard is not required in order to ratify the sale of a vessel, the registry is not dispositive as to who holds true title to the vessel.  However, to the extent that such instruments were filed with the Coast Guard for the Vessel in this litigation, the registry is helpful to clarify the title dispute before the Court.

## Count I
### Rule D Possessory Action

15. Plaintiff Mr. Hefferon realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

16. Supplementary Admiralty Rule D (Possessory, Petitory, and Partition Actions") provides as follows:

> In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel […] the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

17. This Verified Complaint institutes an action to recover possession of the Vessel.

18. Mr. Hefferon has a bona fide claim of ownership to the Vessel via the chain of title detailed in Paragraph 14, above.

19. On or about June 1, 2014, Defendants Fifty Fifty Yacht Services and Tony Scrivener deprived Mr. Hefferon of his due enjoyment of the vessel, and continue to deprive him of such.

20. Mr. Hefferon alleges that he is the true owner of the Vessel, as verified by his chain of title, and that he is therefore entitled to possession of the Vessel.

## Count II
### Rule D Petitory Action to Try Title

21. Plaintiff Mr. Hefferon realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

22. Supplementary Admiralty Rule D (Possessory, Petitory, and Partition Actions") provides as follows:

> In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel […] the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

23. This Verified Complaint institutes an action to try title to the Vessel.

24. Mr. Hefferon has a bona fide claim of ownership to the Vessel via the chain of title detailed in Paragraph 14, above.

25. Fifty Fifty Yacht Services, Inc. has alleged a competing claim of title to the Vessel. Fifty Fifty has taken actions adverse to Mr. Hefferon's ownership interest in the Vessel, namely by (1) filing for a Coast Guard Certificate of Documentation for the Vessel, and (2) by stealing the vessel from Mr. Hefferon.

26. Mr. Hefferon alleges that he is the true owner of the Vessel, as verified by his chain of title, and that he bears good title as against Fifty Fifty Yacht Services, Tony Scrivener, and all others.

### Count III
### Rule D Partition Action

27. Plaintiff Mr. Hefferon realleges the above paragraphs of the Verified Complaint as if fully set forth herein.

28. Supplementary Admiralty Rule D (Possessory, Petitory, and Partition Actions") provides as follows:

> In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel […] the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

29. This Verified Complaint institutes an action to partition the Vessel.

30. The Bill of Sale from Morina Ware to Ray Hefferon granted Mr. Hefferon a 92% ownership interest in the Vessel, while reserving an 8% ownership interest to Ms. Ware. Exhibit 4.

31. Fifty Fifty Yacht Services, Inc. has asserted an ownership interest in the Vessel by applying for a Coast Guard Certificate of Documentation for the Vessel, and by removing the Vessel from Mr. Hefferon's possession. The source and/or fractional interest of Fifty Fifty's claim to ownership of the Vessel are unknown to Mr. Hefferon at this time.

32. There are claims to the Vessel amounting to a 92% ownership interest held by Mr. Hefferon, an 8% ownership interest held by Morina Ware or her successors in interest, and an unknown interest in the Vessel held by Fifty Fifty Yacht Services, Inc.

33. Mr. Hefferon seeks to divest and sell his 92% interest in the Vessel.

WHEREFORE Plaintiff Ray Hefferon prays:

a) That a warrant for arrest, pursuant to Supplemental Admiralty Rules C and D, be issued immediately against the Vessel described above and her respective engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

b) That Plaintiff Ray Hefferon be decreed to have good title to the Vessel and her respective engines, tackles, equipment, furniture and all other necessaries thereunto appertaining and belonging; as against Fifty Fifty Yacht Services, Inc., Samuel "Tony" Scrivener, and all others.

c) That this Court make a determination under Supplemental Admiralty Rule D of the respective ownership interests of all interested parties, and that the

        Court partition the Vessel via judicial sale, the proceeds of such sale being distributed to each ownership interest pro rata according to each respective share.

d)    That such other and further relief be granted as this Court deems just and proper.

        Respectfully Submitted this
        6th day of June, 2014

        _____
        Todd D. Lochner (Bar No. 25691)
        Lochner Law Firm, P.C.
        182 Duke of Gloucester St.
        Annapolis, MD 21401
        (443) 716-4400
        tlochner@boatinglaw.com

        Attorneys for Plaintiff

## VERIFICATION

STATE OF Maryland

City of Annapolis to wit:

 I am a party to this lawsuit, over 18 years old, and competent to make this affidavit. I verify under solemn affirmation that the facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information

        Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

        *DocuSigned by:*
        _____
        Ray Hefferon